**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEVIN EVANS AND BRADLEY EVANS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Case No. _____** |
| | § | |
| | § | |
| | § | |
| **CMFG LIFE INSURANCE** | § | |
| **d/b/a CUNA MUTUAL GROUP,** | § | |
| **CUNA Mutual Life Insurance** | § | |
| **Company a/k/a CUNA Mutual** | § | |
| **Insurance Agency, Inc. a/k/a** | § | |
| **CUNA Mutual Holding Company,** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Kevin Evans and Bradley Evans file this Original Complaint asserting causes of action in law and equity for relief against CMFG LIFE INSURANCE COMPANY and/or entities CUNA MUTUAL GROUP, DBA CUNA MUTUAL LIFE INSURANCE COMPANY a/k/a CUNA MUTUAL INSURANCE AGENCY, INC. a/k/a CUNA MUTUAL HOLDING COMPANY (CMFG) In support thereof Plaintiff shows the Court as follows:

### THE PARTIES

1.      Plaintiff, Kevin Evans, is a resident citizen of Harris County, Texas.

2.      Plaintiff, Bradley Evans, is a resident of Harris County, Texas.

3.      Defendant CMFG LIFE INSURANCE COMPANY and/or entities CUNA MUTUAL GROUP DBA CUNA MUTUAL LIFE INSURANCE COMPANY a/k/a CUNA MUTUAL INSURANCE AGENCY, INC. a/k/a CUNA MUTUAL HOLDING COMPANY (CMFG) is a foreign duly licensed insurance company authorized to do business in the State of

1

Texas. It may be served by process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, or wherever it may be found.

## JURISDICTION AND VENUE

4.      Plaintiffs are citizens of Texas.  Defendant is an Iowa corporation with its principal place of business in Madison, Wisconsin. For purposes of 28 U.S.C. § 1332(a)(1), Defendant is deemed to be a citizen of the State of Iowa and the State of Wisconsin. By virtue of diversity of citizenship and the amount in controversy, this Court has jurisdiction over this matter.

5.      Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because the Defendant maintains business activity in and may be found in this district.  Further, this Division is where the insured decedent resided and where the beneficiaries reside.

## STATEMENT OF FACTS

6.      Plaintiffs Kevin Evans and Bradley Evans are the grandchildren of Christine Evans.   In April of 2018, Christine Evans applied for and received a term policy (# LC0187107) through CMFG, with a $300,000 benefit.  In July of 2018, she applied for and received a whole life policy (#LC0274524) with a $100,000 benefit.  She designated both Plaintiffs as the equal beneficiaries of the term policy, and designated Plaintiff Kevin Evans as beneficiary of the whole life policy.

7.      CMFG approved and issued policies LC0187107 and LC0274524.  The policies obligated CMFG to pay Christine Evans' designated beneficiaries.

8.      Christine Evans died unexpectedly on September 29, 2018.  Her death certificate was issued on November 26, 2018.

9.      Shortly thereafter, Plaintiffs applied for the death benefits under both policies. They provided CMFG with a death certificate. Jim Evans, Christine's husband, executed an authorization for CMFG to obtain health, employment, DMV, etc. records.  CMFG then interviewed Plaintiffs and also Christine Evans husband, Jim Evans.

10.      Approximately nine months later, CMFG has not fulfilled its obligation to pay the benefits due on the policies. Nor has CFMG come up with any reason to deny the claims.  In addition, CMFG has not claimed that the Plaintiffs have failed to cooperate in providing requested information. In response to the delay and lack of communication, Plaintiffs retained the undersigned who sent a letter to CMFG on June 17, 2019 demanding payment or for CMFG to set out the specific reasons for a denial of payment.   CMFG responded on June 25, 2019, stating that it was "reviewing the medical records as part of the claim investigation . . . including whether Ms. Evans made material misrepresentations on the applications for the policies."

11.      CMFG did not state what alleged material misrepresentations Christine Evans made regarding her medical condition.  Nor did it give a timeline for a decision, including an acknowledgment of its responsibilities under Section 542.058 of the Texas Insurance Code.

12.      On August 23, 2019, counsel for Plaintiff sent CMFG another letter requesting an update on CMFG's review and status of payment on the claims. CMFG did not respond until October 11, 2019.  In that response, CMFG did not reference medical records.  Instead it referenced concerns over "insurable interest" and whether Ms. Evans was aware of the policy.

13.      The shifting excuses belie the lack of good faith.  CMFG was flailing around to find any reason to deny its payment obligations on the policies.  And after almost a year, they still could not find a valid reason for a denial.  Only shifting excuses to avoid payment.

## CAUSES OF ACTION

### BREACH OF CONTRACT

14.      A life insurance policy is a contract. Plaintiffs are beneficiaries under the policies purchased by Christine Evans and therefore have standing against CMFG for its refusal to honor its contractual obligations to pay.   CMFG is in breach of its contractual obligation to pay the policy benefits to Plaintiffs, including under Sections 4.01, et. seq of the policies.

### VIOLATIONS OF THE TEXAS PROMPT PAY STATUTE

15.      CMFG's liability under the Policies became reasonably clear after Plaintiffs submitted the death certificate of Christine Evans before the end of 2018.  Yet, CMFG has refused to pay the claims, or even provide reasons for its denials. Pursuant to Texas Insurance Code § 542.051 et seq, Plaintiffs are entitled to recover statutory penalties of 18 percent per year of the amount payable under the Policy, because Defendant has not paid Plaintiffs' claim, even though more than 60 days has elapsed since CMFG received all requested items, statements, and forms from Plaintiffs.

### UNFAIR INSURANCE PRACTICES

16.      CMFG has engaged in unfair practices in the business of insurance as defined by Article 21.21 et. seq. and Section 541 of the Texas Insurance Code, in one or more of the following ways:

- Delaying payment of a claim without a reasonable basis for such delay
- Compelling beneficiaries covered by the policy of insurance to institute suits to recover amounts due under the policy by offering nothing or substantially less than the amounts ultimately recovered.

- Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

- Engaging in unconscionable action Texas Deceptive Trade Practices Act 17.50(a)(3).

Violations of Chapter 541 of the Texas Insurance Code are actionable under the DTPA. TEX. BUS. & COM. CODE § 17.50(a)(4). Defendant violated Chapter 541 of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE § 541.060(a)(7).

## CLAIM FOR ATTORNEY FEES AND COSTS

17.     Plaintiffs seek an award of their reasonable attorneys' fees incurred and to be incurred in the prosecution of this claim for the life insurance benefits. They are entitled to recover those fees together with his costs of court pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, TEX. INS. CODE § 542.060, TEX. INS. CODE § 541.152, and TEX. BUS. & COM. CODE §17.50(d).

## PRAYER

THEREFORE, Plaintiffs demand:

1. Judgment against Defendant;

2. Plaintiff's actual damages, including but not limited to the $400,000 in benefits they are owed under the Policies.

3. Mental-anguish damages as a result of Defendant's knowing and intentional conduct;

4. Defendant's actions, which constituted malice, were a proximate cause of Plaintiff's damages. Therefore, Plaintiff sues for additional damages in the amount determined by the trier of fact;

5. Statutory penalties and interest based on violations of the Texas Prompt Pay Statute, including interest on the unpaid claim in an amount not less than 18 percent per annum;

6. Reasonable and necessary attorney's fees, pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, TEX. INS. CODE § 542.060, TEX. INS. CODE § 541.152, and TEX. BUS. & COM. CODE §17.50(d);

7. Expert witness fees;

8. Pre-judgment and post-judgment interest at the maximum legal rate; and

9. Any other further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____/s/  *J. Michael Young*_____
J. Michael Young
State Bar No. 00786465
michael.young@somlaw.net

**SANDERS, MOTLEY, YOUNG  & GALLARDO**
111 South Travis Street
Sherman, Texas  75090
(903) 892-9133
(903) 892-4302 (fax)

*/s/ J. Daniel Perkins*
J. Daniel Perkins
State Bar No. 24041677
**Law Office of J. Daniel Perkins, PLLC**
1415 Harroun
McKinney, TX 75069
Ph: 972-529-1111
Fx: 972-432-5298
danny.perkins@jdperkinsattorney.com